UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE NATHAN DA SILVA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 26-10022-FDS |
| ANTONE MONIZ, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Jose Nathan da Silva is a citizen of Brazil who first entered the United States in December 2020, at which time he was encountered by immigration authorities and released into the United States.

On January 2, 2026, petitioner was arrested and taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right, is not authorized by statute, and violates the Administrative Procedure Act. He seeks immediate release or, in the alternative, an individualized bond hearing.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.     **Background**

Jose Nathan da Silva, a citizen of Brazil, entered the United States in or around December 2020.  (Pet. ¶¶ 14-15).  He was encountered by immigration authorities at the time of his initial entry into the United States.  (*Id.* ¶ 15).  He was released following that encounter, but it was unclear under what statutory authority he was being released.  (*Id.*).  Since that time, he has not been detained.  (*Id.* ¶ 16).

ICE took da Silva into custody on or about January 2, 2026.  (*Id.* ¶ 17).  Since that date, he has been detained at Plymouth County Correctional Facility, and he has not received a bond hearing.  (*Id.*).  The government contends that he is subject to mandatory detention under 8 U.S.C. § 1225(b).  (Resp'ts Abbreviated Resp. Pet. 2-3, Dkt. No. 6).

The respondents are Antone Moniz, Superintendent, Plymouth County Correctional Facility; David Wesling, Boston Field Officer, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; the Department of Homeland Security; and Pamela Bondi, United States Attorney General.  (Pet. ¶¶ 8-13).

On January 5, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4 at 2-3).

On January 9, 2026, respondents answered the petition.  (Respt's Abbreviated Resp. Pet.).  Respondents conceded that "this case is materially similar to *De Andrade*," and that if "the Court appl[ied] the reasoning of *De Andrade* . . . it would likely reach the same result here."  (*Id.* at 3).

II.    **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see*

*Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he was detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has *res judicata* effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R.

§§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*. Accordingly, at this stage, the Court does not reach petitioner's claims under the Administrative Procedure Act.

### III.    Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than January 30, 2026.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated: January 22, 2026 | United States District Judge |